J-S46040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP DIMATTEO, | : | |
| | : | |
| Appellant | : | No.  2820 EDA 2015 |

Appeal from the PCRA Order August 24, 2015
in the Court of Common Pleas of Chester County,
Civil Division, at No(s): CP-15-CR-0004033-2011

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 25, 2016**

Phillip DiMatteo (Appellant) appeals from the order entered on August 24, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We reverse the order of the PCRA court, vacate Appellant's judgment of sentence, and remand for resentencing.

"[Appellant] was charged with 111 counts of possession with intent to deliver [(PWID)], criminal conspiracy, 64 counts of dealing in proceeds of unlawful activities, corrupt organizations, 111 counts of criminal use of a communications facility and 111 counts of possession of a controlled substance." PCRA Court Opinion, 8/25/2015, at 2 n.1.  These charges arose after a lengthy investigation into Appellant and 14 others who were involved in a large drug-trafficking operation.

_____
*Retired Senior Judge assigned to the Superior Court.

On November 20, 2012, Appellant entered into an open guilty plea whereby he pled guilty to 55 counts of PWID, and one count each of conspiracy and corrupt organizations. On February 6, 2013, Appellant was sentenced to an aggregate term of 15 to 30 years of incarceration. Relevant to this appeal, that sentence included a number of mandatory minimum sentences imposed pursuant to 18 Pa.C.S. § 7508.

Appellant timely filed a motion for reconsideration of sentence. That motion was denied on June 12, 2013. Appellant did not file a notice of appeal to this Court.

On January 10, 2014, Appellant *pro se* filed a motion for modification of sentence *nunc pro tunc*, which was denied by the trial court on February 24, 2014.[1] On May 22, 2014, Appellant filed *pro se* a PCRA petition. Counsel was appointed and subsequently moved to withdraw his appearance pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The

---

[1] In that motion, Appellant set forth a number of purported errors. The Commonwealth responded arguing that this post-sentence motion was filed 352 days late. The trial court agreed, and dismissed the petition on this basis. We observe that generally speaking, "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). Moreover, "an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition." **Id**. at 467. Accordingly, the trial court should have treated Appellant's *pro se* motion as a PCRA petition and appointed counsel at that juncture. Nevertheless, because Appellant subsequently filed a timely PCRA petition, and counsel was appointed, there was no prejudice to Appellant on the basis of this error.

PCRA court reviewed the record and concluded there may be a genuine issue of material fact "regarding [Appellant's] allegation of trial counsel not filing a direct appeal after [Appellant] specifically requested him to do so." Order, 5/9/2015. Thus, the trial court scheduled a hearing. After the hearing, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw. Appellant *pro se* timely filed a notice of appeal to this Court.[2]

On appeal, Appellant sets forth two issues for our review. We first consider Appellant's contention that his sentence is illegal. Appellant's Brief at 9-10. Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). Appellant contends that he is serving an illegal sentence pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). Appellant's Brief at 10. In ***Alleyne***, "the United States Supreme Court [] held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt." ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014). This Court has determined that the holding in ***Alleyne*** renders unconstitutional the statutes pursuant to which Appellant was sentenced. ***See Commonwealth v. Pennybaker***, 121 A.3d

---

[2] The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

- 3 -

530, 533-34 n.8 (Pa. Super. 2015) (recognizing that *Alleyne* has rendered unconstitutional several Pennsylvania sentencing statutes, including 18 Pa.C.S. § 7508).

In *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), this Court held that where a petitioner currently serving a mandatory minimum sentence has filed a timely PCRA petition and his judgment of sentence was not final at the time *Alleyne* was decided, his sentence is illegal and he is entitled to a new sentence.[3] Instantly, Appellant was sentenced on February 5, 2013, and filed timely a post-sentence motion. That motion was denied on June 12, 2013, and *Alleyne* was decided five days later, on June 17, 2013. Appellant had until July 13, 2013 to file a direct appeal. Even though Appellant did not file a direct appeal, his judgment of sentence became final after *Alleyne* was decided and prior to the expiration of the time to file a direct appeal. *See also* 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[3] In *Ruiz*, the petitioner was sentenced on June 5, 2013, and *Alleyne* was decided 12 days later, on June 17, 2013. The petitioner filed timely a PCRA petition asserting that his sentence was illegal pursuant to *Alleyne*, and the PCRA court dismissed the petition. This Court reversed concluding that "Ruiz's June 5, 2015 judgment of sentence was not final when *Alleyne* was decided because … the 30-day period within which the trial court's order may be appealed, modified or rescinded, had not yet expired on June 17, 2013 - the date of the *Alleyne* decision." *Ruiz*, 131 A.3d at 59.

the review."). Accordingly, pursuant to *Ruiz*, Appellant is serving an illegal sentence because application of *Alleyne* renders such sentence illegal. Thus, we reverse the order of the PCRA court, vacate Appellant's judgment of sentence, and remand for resentencing.[4]

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 7/25/2016

---

[4] Because we have concluded that Appellant's judgment of sentence must be vacated, Appellant's other issue raising trial counsel's ineffective assistance for failing to file a direct appeal from that judgment of sentence is moot.